## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANNETTE M. DURNACK, *et al,*       :
                                 :
      Plaintiffs,          :
                                 :      CIVIL ACTION
      v.                 :
                                 :      No. 20-5975
RETIREMENT PLAN COMMITTEE OF    :
TALEN ENERGY CORPORATION, *et al*,   :
                                 :
      Defendants.        :

## MEMORANDUM OPINION

**Schmehl, J.   /s/ JLS**                                     **September  13, 2021**

### I.  INTRODUCTION

Before the Court is the motion to dismiss of Defendants, Retirement Plan Committee of Talen Energy Corporation, Talen Energy Retirement Plan, Talen Energy Corporation, and Talen Energy Supply, LLC (hereinafter "Defendants" or "Talen"). Plaintiffs, Annette M. Durnack, Anne W. Fiore, Timothy G. Wales and Jeffrey S. Weik (collectively, "Plaintiffs") filed a Complaint against Defendants, alleging various claims under the Employee Retirement Income Security Act ("ERISA"), all arising out of the termination of Plaintiffs' employment with Talen. Based upon the parties' submissions and after oral argument being held in this matter, Defendants' motion will be denied.

### II.  BACKGROUND

Plaintiffs were all long-term, senior management employees of Pennsylvania Power and Light ("PPL"). For 9 to 34 years, they had worked for PPL and its successor, defendant Talen, in various managerial capacities. (Compl. ¶¶ 2, 14-16). Plaintiffs' employer underwent several changes during their employment. First, in June 2015, PPL spun-off parts of its power generating

1

business to newly created entities – defendants Talen Energy and its wholly-owned subsidiary

Talen Energy Supply, which were then owned by PPL shareholders and private equity firms. In

December 2016, PPL shareholders sold their majority stake to the same private equity firms.

Plaintiffs were then terminated and accepted severance packages, but now claim that they retired

years earlier than planned. (¶¶ 4, 14-16). Plaintiffs filed this case seeking additional retirement

pension benefits and pension supplements that they believe they should have received from

Talen but were denied.

### III.   <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 12(b)(6) governs the Court's motion to dismiss analysis.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as

true, to 'state a claim of relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim satisfies the

plausibility standard when the facts alleged "allow[] the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Burtch v. Millberg Factors, Inc*., 662

F.3d 212, 220-21 (3d Cir. 2011) (*citing Iqbal,* 556 U.S. at 678). While the plausibility standard is

not "akin to a 'probability requirement,'" there nevertheless must be more than a "sheer

possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550

U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's

liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"

*Id.* (*quoting Twombly*, 550 U.S. at 557).

The Court of Appeals requires us to apply a three-step analysis to a 12(b)(6) motion: (1)

"[i]t must 'tak[e] note of the elements [the] plaintiff must plead to state a claim;'" (2) "it should

identify allegations that, 'because they are no more than conclusions, are not entitled to the

assumption of truth;'" and, (3) "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Connelly v. Lane Construction Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (*quoting Iqbal*, 556 U.S. at 675, 679). *See Burtch*, 662 F.3d at 221; *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011); *Santiago v. Warminster Township*, 629 F.3d 121, 130 (3d Cir. 2010).

## IV.   DISCUSSION

Defendants' Motion contains only two arguments: first, that Plaintiffs released all of their claims against Defendants, and second, that two of the claims of Plaintiffs Fiore and Wales claims are time barred. After review of the parties' arguments, I find both to be unpersuasive.

First, Defendants argue that each Plaintiff signed a comprehensive Separation Agreement and General Release when their employment with Talen was terminated that serves to bar all claims against Talen in the instant matter. However, Plaintiffs did not attach copies of the releases in question to their complaint. In fact, the entire 38-page complaint only makes one minor reference to the releases when it states "[e]ach plaintiff and Class member also signed a 'Separation Agreement and General Release.'" Complaint at ¶59. Defendants then attach the relevant releases as exhibits to their motion and argue that the Court is permitted to consider these documents on a motion to dismiss because they are "integral to Plaintiffs' claims and based on the same facts alleged in the Complaint." Docket No. 10-1, p. 8.

As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). However, an exception to the general rule is that a "document integral to or explicitly relied upon in the complaint" may be considered "without converting the motion [to dismiss] into one for summary judgment."  *Shaw v. Digital Equipment Corp.*, 82 F.3d 1194,

1220 (1st Circ. 1996); *see also In re Donald J. Trump Casino Securities Litigation,* 7 F.3d 357, 368 n. 9 ("a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.") (quoting *Pension Benefit Guar. Corp. v. White Consol. Indus.,* 998 F.2d 1192, 1196 (3rd Cir.1993)). "What this rule seeks to prevent is the situation in which a plaintiff can maintain a claim of fraud by extracting an isolated statement from a document and placing it in the complaint, even though if the statement were examined in the full context of the document, it would be clear that the statement was not fraudulent." *In re Burlington*, 114 F.3d at 1426.

For this Court to consider the releases provided by Defendants, I must find that the releases are integral to Plaintiffs' claims or that Plaintiffs explicitly relied on them in preparing their complaint. After a thorough review of Plaintiffs' Complaint, I cannot so find. The language in both *Trump* and *Shaw* makes clear that what is critical is whether the claims in the complaint are "based" on an extrinsic document and not merely whether the extrinsic document was explicitly cited. *See Trump*, 7 F.3d at 368 n. 9; *Shaw*, 82 F.3d at 1220. A review of the Complaint in the instant matter shows that Plaintiffs are pursuing claims for violation of the terms Defendants' Retirement Plan, breach of fiduciary duty under ERISA, illegal cutbacks and elimination of accrued pension benefits in violation of ERISA and reformation of Defendants' retirement plan to correct a drafting error. These claims are not "based" on the releases in question. Rather, they are "based" on Defendants' retirement plan. Nor were the releases explicitly relied upon by Plaintiffs in preparing the Complaint in this matter. The Complaint makes one fleeting, minor reference to the releases; so there was clearly no reliance upon them. Further, Defendants merely assert that the releases are integral to Plaintiffs' claims but fail to

elaborate on this allegation or present the Court with a clear picture of how these releases are integral to Plaintiffs' Complaint. Therefore, Defendants' motion must be denied.

I caution the parties that my decision on Defendants' motion does not necessarily mean that Plaintiffs' claims will survive the existence of these releases when they are presented to the Court in the correct procedural posture. I merely find that I cannot consider the releases attached to Defendants' motion at this phase of the proceedings without *sua sponte* converting the motion into one for summary judgment, which would be premature at this time because no discovery has been conducted yet. Accordingly, Defendants' motion to dismiss based upon the releases must be denied at this time.

Defendants also argue that as to Plaintiffs Fiore and Wales, counts one and four for denial of benefits and reformation are time-barred. ECF No. 10, pp. 12-15. An ERISA claim "will not accrue until such time as the employee knew or should have known that [employer action] has brought about a clear repudiation of certain rights that the employee believed he or she had under the plan*." Romero v. Allstate Corp*., 404 F.3d 212, 223 (3d Cir. 2005). In this case, there is no basis to infer from the Complaint that Plaintiffs Fiore and Wales "knew or should have known" at the time of their 2016 retirements that the plan in question even provided the benefits that they are now claiming or that these benefits had been improperly denied to them. Plaintiffs Fiore and Wales in 2016 had no idea that they might be entitled to Change in Control benefits or other allegedly omitted benefits. (Compl. at ¶¶ 14-17). Clearly, the actions on their pension applications "could not be a 'clear repudiation' because plaintiffs were not aware of any claim or potential claim to benefits being repudiated." *Thomas v. SmithKline Beecham Corp.*, 297 F. Supp. 2d773, 786 (E.D. Pa. Dec. 22, 2003). Similarly, the Complaint alleges that Plaintiffs Fiore and Wales had no knowledge of the facts that led to their claim for reformation until 2019.

Accordingly, I find the two claims in question at to Plaintiffs Fiore and Wales are not time-barred.

**V.      <u>CONCLUSION</u>**

For the foregoing reasons, Defendants' Motion to Dismiss is denied.