**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ANNETTE M. DURNACK, *et al.*, | |
| Plaintiffs, | |
| v. | CIVIL ACTION<br>No. 20-5975 |
| RETIREMENT PLAN COMMITTEE OF<br>TALEN ENERGY CORPORATION, *et al.*, | |
| Defendants. | |

## [PROPOSED] STIPULATED PROTECTIVE ORDER

Subject to the approval of the Court, the parties in the above-captioned action (the "Action"), hereby stipulate to the entry of the following protective order:

### 1.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in the Action is likely to involve production of confidential, proprietary, or private business and personal information which warrant special protection from public disclosure and from use for any purpose other than prosecuting and defending the Action.  Accordingly, the Parties hereby stipulate to, and request that the Court approve and enter, the following Stipulated Protective Order (the "Order").

The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery, and the protection it affords from public disclosure and use extends only to the particular, limited information or items that are entitled to confidential treatment under applicable law.

### 2.   DEFINITIONS

2.1   <u>Challenging Party</u>:  a Party that challenges the designation of information or items under this Order.

1

2.2     "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that contain confidential and non-public development, financial or commercial information, or non-public personal information, or any other information for which a good faith claim of need for protection from disclosure can be made under the Federal Rules of Civil Procedure or other applicable law.

2.3     Counsel:  outside Counsel of Record and In-House Counsel (as well as their support staff).

2.4     Designating Party:  a Party or Non-Party that designates information or items that it either produces or receives in disclosures or in responses to discovery, including deposition testimony, as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

2.5     Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which they are generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery, including deposition testimony, in the Action.

2.6     Expert: a person with specialized knowledge or experience in a matter pertinent to the Action who has been retained by a Party or its Counsel to serve as an expert witness or consultant in the Action.

2.7     In-House Counsel:  litigation attorneys who are employees of a Party to this action.  In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: sensitive "CONFIDENTIAL Information or Items" (regardless of how it is

generated, stored or maintained) or tangible things that contain or otherwise reference either highly sensitive personal data, or non-public trade secrets or other current or prospective confidential research, development, commercial, or financial information, or other highly sensitive business data, the disclosure of which to another Party or Non-Party could cause a competitive disadvantage to a Producing Party or could create a substantial risk of serious harm that could not be avoided by less restrictive means, including, for example, strategic planning information and pricing and cost data and analyses.

      2.9   <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal entity not named as a Party in this Action.

      2.10   <u>Outside Counsel of Record</u>:  attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to the Action and have appeared in the Action on behalf of that Party or are affiliated with or contracted by a law firm which has appeared on behalf of that Party.

      2.11   <u>Party</u>:  any party to this Action, including all of the party's officers, directors, and employees.

      2.12   <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

      2.13   <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and each person engaged in carrying out their activities, including their employees, independent contractors or "gig" workers, and subcontractors.

2.14    Privacy Information:  any documents containing an individual's social security number or taxpayer identification number (other than only the last four digits thereof), an individual's birth date (other than only the year of the individual's birth), the name of an individual known to be a minor (other than only the minor's initials), a financial account number (other than only the last four digits thereof), "Personal Data," "Personally Identifiable Information," "Sensitive Private Data," or "Nonpublic Personal Information" as these terms are defined under federal state or foreign data protection laws, including without limitation the General Data Protection Regulation (EU) 2016/679 (the "GDPR"), or any information that a party or non-party believes in good faith to be subject to non-US data protection laws, regardless of whether such information has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (collectively "Privacy Information")

2.15    Protected Material:

(a)    any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(b)    any information that a party believes in good faith to be subject to federal, state, or foreign Data Protection Laws or other privacy obligations.  Protected Material constitutes highly sensitive materials requiring special protection.  Examples of such Data Protection Laws include, without limitation, The Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq. (financial information); The Health Insurance Portability and Accountability Act and the regulations thereunder (HIPAA), 45 CFR Part 160 and Subparts A and E of Part 164 (medical information); Fair Credit Reporting Act (FCRA), 15 USC § 1681 et seq. (financial information); Electronic Communications Privacy Act of 1986, 18 U.S.C. § 2511 (private communications);

Genetic Information Non-discrimination Act of 2008 (GINA) (biometric information); and the California Consumer Privacy Act (CCPA).

      2.16   <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.**    <u>**SCOPE**</u>

      The protections conferred by this Order cover Protected Material disclosed or produced in discovery in the Action as well as (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, documents referring to, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that reveal or might reveal Protected Material.  However, the protections conferred by this Order do not cover the following information: (a) any information that is then known to be in the public domain at the time of disclosure to a Receiving Party or that becomes part of the public domain after its disclosure to a Receiving Party as a result of publication or other action not involving a violation of this Order; and (b) any information created or obtained at any time by the Receiving Party from a source who created or obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.**    <u>**DURATION**</u>

      Even after Final Disposition of the Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  "Final Disposition" shall be deemed to be the later of (1) dismissal of all claims and defenses in the Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of the

Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.  After Final Disposition, all Protected Material shall be maintained and or destroyed pursuant to normal business practice and/or local Data Protection Laws.  This Court will retain jurisdiction to enforce the terms of this Order following the Final Disposition of the Action.

   **5.**   **DESIGNATING PROTECTED MATERIAL**

   5.1   <u>Exercise of Care in Designating Material for Protection</u>.  Each Party or Non-Party that designates information or items for protection under this Order must take reasonable care to limit any such designation to specific material and the specific portions thereof that qualify for protection under this Order.  The designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material shall only be made upon a good faith determination by the Designating Party that the document, material or information is confidential within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure and the cases decided thereunder.  Each such designation therefore shall constitute a certification by the Designating Party that it has made a good faith determination that the document, material or information is confidential within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure and the cases decided thereunder and that it warrants the particular form of protection associated with each such designation.

   5.2   <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

   Designation in conformity with this Order requires:

(a)     for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains Protected Material or, in the case of native file production, in conformity with the Stipulation and Order Regarding Production of Electronically Stored Documents and Information.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or specific portion(s) thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each document or page of a document that contains Protected Material.

(b)     for testimony given in deposition or in other pretrial proceedings, that all deposition testimony or testimony during other pretrial proceedings shall be treated as "CONFIDENTIAL" for a period of 30 days from the date of receipt by Outside Counsel of Record of a final transcript for witness review and signature, during which time a Designating Party may identify and designate the specific portions of testimony or exhibits as to which protection is sought and specify the particular level of protection being asserted.  At the expiration of that 30-day period, only those portions that are specifically identified and

designated will qualify for protection under this Order.  Alternatively, during that 30-day period, a Designating Party may, if appropriate, designate the entire transcript as "HIGHLY CONFIDENTIAL."  Any rough transcript that is generated before receipt by Outside Counsel of Record of a final transcript also shall be treated during the 30-day period as if it had been designated "CONFIDENTIAL" in its entirety unless otherwise agreed.  After the expiration of that period, the specific portions of the transcript and exhibits shall be treated only as actually designated.

Each Party shall provide notice to all other Parties if it reasonably expects to reference or use Protected Material at a deposition, hearing or other proceeding so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings.  The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(c)     for information produced in some form other than documentary form and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONTAINS CONFIDENTIAL INFORMATION" or "CONTAINS HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY".  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the specific protected portion(s) and specify the level of protection being asserted.

5.3     Inadvertent Failures to Designate.  If corrected within a reasonable period of time after production, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for

such material pursuant to the written notice provisions of this Order.  Upon correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

### 6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges.  No party shall be obligated to challenge the propriety of the designation of any material as Protected Material within any particular period of time, and the failure to do so promptly shall not preclude any subsequent objection to such designation, or any court proceedings to determine the propriety of such designation.

6.2    Meet and Confer.  Any challenge to the designation of material as Protected Material shall be made in good faith.  In the event of a challenge to a designation, the Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Order.  The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in person or by telephone) within 14 days of the date of service of the notice of challenge.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.

6.3    Judicial Intervention with Respect to Confidentiality Designations.  If the challenge cannot be resolved through the meet and confer process, the Challenging Party disputing the designation may apply to the Court for a ruling that a document (or category of

documents) designated as Protected Material by the Designating Party is not entitled to the specified level of protection within 21 days of the meet and confer process described in Section 6.2 above.

The burden of persuasion in any such proceeding to determine the propriety of protected status or its level of protection shall be on the Challenging Party at all times.  Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.

While any challenge pursuant to this paragraph is pending, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

## 7.    **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1    Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle the Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 16 below.

Protected Material must be stored and maintained by a Receiving Party at physical and data locations in a secure manner that ensures that access to those locations is limited to the persons authorized under this Order.  The recipient of any Protected Material that is provided under this Order shall maintain such information in a reasonably secure and safe manner that ensures access is limited to the persons authorized herein, and shall further exercise the same standard of due and proper care with respect to the storage, custody, use, and/or

dissemination of such information as the recipient would use with respect to its own material of the same or comparable sensitivity, but no less than the reasonable precautions set forth in Section 15 below.

Each person to whom Protected Material or data and information obtained, derived, or generated from such Protected Material, is disclosed, other than those persons identified in paragraphs 7.2(a), 7.2(d), 7.3(a), and 7.3(d) below, shall agree to be bound by this Stipulated Protective Order by executing the Agreement to be Bound By Stipulated Protective Order Governing Treatment of Confidential Documents and Information, attached hereto as Exhibit A.  Such executed copies of the Agreement shall be maintained throughout this litigation by the counsel who makes such disclosures and any particular person's Agreement shall be made available to all counsel at any time an issue is raised with respect to that particular person's compliance with the Agreement.

7.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of Record in the Action, as well as supporting staff employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for purposes of the Action;

(b)     the Plaintiffs, any natural persons who may be named as Plaintiffs or Defendants in the future, and in the case of the other Parties who are not natural persons the particular officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom it is reasonably necessary to disclose the information for purposes of the Action;

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for purposes of the Action;

(d)     the Court and its personnel;

(e)     court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for purposes of the Action;

(f)     actual and potential witnesses in the course of evaluating, preparing for or giving potential or actual deposition or trial testimony in the Action, where counsel believe in good faith that disclosure is reasonably necessary for legitimate discovery, case preparation, or trial purposes; and

(g)     those persons who had access to the documents or information prior to the commencement of this action, such as an author or recipient or subject of a document containing the information.

7.3     <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)     the Receiving Party's Outside Counsel of Record in the Action, as well as supporting staff employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for purposes of the Action;

(b)     In-House Counsel of the Receiving Party to whom disclosure is reasonably necessary for purposes of the Action, that has been designated to receive such information or item ("Designated In-House Counsel"), in accordance with Section 7.4 below;

12

(c)     Experts of the Receiving Party to whom disclosure is reasonably necessary for purposes of the Action;

(d)     the Court and its personnel;

(e)     court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this Action; and

(f)     the author or recipient, or subject, of a document containing the information.

7.4     <u>Procedures for Requesting Disclosure of Information or Items Designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to An Expert or Designated In-House Counsel</u>

(a)     Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party may disclose information or items that have been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to an Expert only if that Party first makes a written disclosure to the Designating Party that (1) identifies the general categories of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the Receiving Party will disclose to the Expert; and (2) confirms that the Expert has reviewed this Order and has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).  It shall be the obligation of the Party disclosing such material to an Expert to maintain for the duration of the Litigation a complete record of the full name of the Expert and the city and state of his or her primary residence; the Expert's current employer(s); and a listing of each item of information which has been disclosed to the Expert and the date of each such disclosure.

(b)     Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party may disclose information or items that have been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to identified Designated In-House Counsel only if that Party first makes a written disclosure in the same form, and subject to the same terms as paragraph (a).  A Party that makes a written disclosure and provides the information specified in the preceding paragraphs may disclose the subject Protected Material to the identified Designated In-House Counsel after seven business days of giving the notice and providing the required information unless the Party making the written disclosure receives a written objection from the designating Party setting forth the grounds for the objection.  A Party that receives a timely written objection must meet and confer with the Designating Party (either in person or by telephone) to try to resolve the matter by agreement within seven days of the written objection.  If the dispute is not resolved during the meet and confer, the Party receiving the objection may seek relief from the Court.

**8.**     <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in the Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a)     promptly notify in writing the Designating Party and include in such notification a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order and must include a copy of this Order with the notification; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order within 21 days of receiving notification of the subpoena or court order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by an appropriate court, unless the Party has obtained the Designating Party's permission to produce some or all of the material which is the subject of the subpoena or court order.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material.

If the Designating Party fails to seek a protective order from the court having jurisdiction over the matter within 21 days of receiving the notification of the subpoena or court order, the Party that received the discovery request may produce the Designating Party's responsive confidential information.

Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**9.     APPLICABILITY OF THIS STIPULATED PROTECTIVE ORDER TO NON-PARTIES**

9.1     Order Applicable to Non-Parties.  The terms of this Order are applicable to information produced by Non-Parties in the Action and designated by Non-Parties or others as "CONFIDENTIAL." or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".  Such information produced by Non-Parties in connection with this Action is subject to the protections, remedies and relief provided by this Order.

9.2    <u>Service of Order with Non-Party Discovery Request.</u>  The Party issuing any subpoena or other discovery request on any Non-Party in this Action shall include with any such subpoena or discovery request a statement that the Non-Party may elect to invoke the terms of this Order and a copy of this Order.

9.3    <u>Request to a Party Seeking Non-Party Confidential Information</u>.  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a)    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b)    promptly provide the Non-Party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c)    make the information requested available for inspection by the Non-Party.

If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Party that received the discovery request may produce the Non-Party's responsive confidential information.  If the Non-Party timely seeks a protective order, the Party that received the discovery request shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

**10.**   FILING OF PROTECTED MATERIAL WITH THE COURT

10.1   Nothing in this Order authorizes the filing of any document under seal. Any party may request by motion that the Court order materials or documents, or particular portions thereof, containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL– ATTORNEYS' EYES ONLY" information be filed under seal.  Any motion to seal shall comply with the Third Circuit's ruling in *In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 924 F.3d 662 (3d Cir. 2019).  The burden of proving to the Court that such materials or documents should be sealed from public access shall at all times remain with the Designating Party that designated the subject material as Protected Material under the terms of this Order.

10.2   Before filing any document containing information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY", the filing party must provide at least two weeks' notice to the Designating Party.  If the Designating Party moves to seal the information, then the filing party shall wait to file the subject documents at issue until the Court rules on the motion to seal or orders otherwise.

10.3   In the event that the Court grants a motion to seal Protected Material, or data and information obtained, derived, or generated therefrom, which is to be included in any document filed with the Court, then the particular portions of pages of documents constituting or containing such Confidential Material and data and information shall be filed solely in paper copy and under seal, in conformity with Rule 5.1.2(7) of the Local Rules of Civil Procedure for the U.S. District Court for the Eastern District of Pennsylvania (or any similar rule as may apply at the time of filing).  Such Confidential Material and information derived therefrom shall not be filed electronically.  The Court's Order authorizing the filing under seal shall be attached to the documents filed under seal that are delivered to the Clerk of Court.

10.4    Alternatively, a party seeking to file with the Court a document which originally contained Protected Material can request from the Designating Party whether a redacted copy of the document, in a form agreed to by the Designating Party which does not contain any Protected Material, can be filed with the Court through its regular filing system.  The parties agree that such requests shall not be unreasonably denied.

10.5    Information designated as "CONFIDENTIAL." or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" which the Court orders to be filed under seal shall be filed separately or in severable portions of filed papers, so that the adjacent and other non-confidential portions of pages may be filed of record using normal filing procedures.

10.6    Nothing in this paragraph shall prevent the party (with the consent of any relevant party or third-party) who produced and designated the relevant "CONFIDENTIAL." or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" materials from filing such portions of materials, including any expert reports, deposition testimony, or any other Discovery Material it has designated as "CONFIDENTIAL" because of its reference to "CONFIDENTIAL" documents or information, with the Court and without seal, provided that any other Party who may have an interest in continuing the designation receives advance written notification of the intention to file and provides express written consent to the public filing of such material.  Such filing shall constitute a revocation of the Designating Party's "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation associated with such specific Discovery Materials.

**11.**    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the

Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

Additionally, if the Receiving Party discovers any loss of Protected Material or a breach of security, including any actual or suspected unauthorized access, relating to the produced Protected Material, the Receiving Party shall:

(a)     promptly provide written notice to Producing Party of such breach within twenty-four (24) hours of the breach discovery;

(b)     investigate and make reasonable efforts to remediate the effects of the breach, and provide Producing Party with assurances that such breach shall not recur;

(c)     provide sufficient information about the breach that the Producing Party can reasonably ascertain the size and scope of the breach.  The Receiving Party agrees to cooperate with the Producing Party or law enforcement in investigating any such security incident; and

(d)     the Receiving Party shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access and/or correct the breach.

## 12.     NOTIFICATION IN THE EVENT OF A SECURITY BREACH OR UNAUTHORIZED ACCESS TO PRODUCED MATERIAL

If the Receiving Party discovers any breach of security, including any actual or suspected unauthorized access, relating to materials produced, the Receiving Party shall:

(a)    promptly provide written notice to Producing Party of such breach within twenty-four (24) hours of the breach discovery;

(b)    investigate and make reasonable efforts to remediate the effects of the breach, and provide Producing Party with assurances that such breach shall not recur;

(c)    provide sufficient information about the breach that the Producing Party can reasonably ascertain the size and scope of the breach. The Receiving Party agrees to cooperate with the Producing Party or law enforcement in investigating any such security incident; and

(d)    the Receiving Party shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access and/or correct the breach.

**13.**    <u>PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

13.1    No Waiver by Disclosure.  This order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence.  Subject to the provisions of this Order, if a Party or subpoenaed nonparty (the "Disclosing Party") discloses information in connection with the pending litigation that the Disclosing Party thereafter claims to be privileged or protected by the attorney-client privilege or work product protection ("Privileged Information") and that is not subject to any recognized exception thereto including the fiduciary exception to the attorney-client privilege and/or work product protection, the disclosure of that Privileged Information will not constitute or be deemed a waiver or forfeiture – in this or any other federal or state action – of any claim of privilege or work product protection that the Disclosing Party would otherwise be entitled to assert with respect to the Privileged Information and its subject matter.  Any party challenging the claim of privilege or protection retains the right to challenge the claim on any

other basis, such as any prior waiver of privilege or protection, or prior disclosure to a non-privileged person.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

      13.2    Notification Requirements; Best Efforts of Receiving Party.  A Disclosing Party which subsequently learns that it has disclosed Privileged Information must promptly notify the Party receiving the Privileged Information ("the Receiving Party"), in writing, that it has disclosed that Privileged Information without intending a waiver by the disclosure.  Within five business days of notification, the Disclosing Party must specifically identify each item of Privileged Information which is the subject of its notification and explain as specifically as possible why the Protected Information is privileged.  Upon receiving such notification, the Receiving Party must – unless it contests the claim of attorney-client privilege or work product protection in accordance with paragraph 13.3 – promptly (i) notify the Disclosing Party that it will make best efforts to identify and return, sequester, or destroy (or in the case of electronically stored information, delete) the Privileged Information and any reasonably accessible copies it has and (ii) provide a certification that it will cease further review, dissemination, and use of the Privileged Information which are protected.

      13.3    Contesting Claim of Privilege or Work Product Protection.  If the Receiving Party provides written notice to the Disclosing Party within 14 days that it contests the claim of attorney-client privilege or work product protection in whole or in part, the Receiving Party must – within 14 days following its provision of that notice that contests the claim of attorney-client privilege or work product protection of the disclosure  – move the Court for an Order confirming that the information claimed as protected is not entitled to protection (a "Disclosure Motion").  The Disclosure Motion must be filed under seal.  Pending resolution of

the Disclosure Motion, the Receiving Party must not use the challenged information in any way or disclose it to any person other than those required by law to be served with a copy of the sealed Disclosure Motion.

13.4    Stipulated Time Periods.  The Parties may stipulate to extend the time periods set forth in paragraphs 13.2 and 13.3.

13.5    Attorney's Ethical Responsibilities.  Nothing in this order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Disclosing Party that such materials appear to have been produced inadvertently.

13.6    Burden of Proving Privilege or Work-Product Protection.  The Disclosing Party retains the burden – upon challenge pursuant to paragraph 13.3 – of establishing the privileged or protected nature of the Protected Information.

13.7    *In camera* Review.  Nothing in this Order limits the right of any Party to petition the Court for an *in camera* review of the Privileged Information.

13.8    Voluntary and Subject Matter Waiver.  This Order does not preclude a Party from voluntarily waiving the attorney-client privilege or work product protection.  The mandatory provisions of Federal Rule 502(a) regarding disclosure of additional materials, and any additional measures the Court may deem just, will apply when the Disclosing Party uses or otherwise indicates that it is waiving protections of attorney-client privilege or work product protection.

13.9    Review.  Nothing contained herein is intended to or shall serve to relieve a Party from its own duty, or limit a Party's right, to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged

and/or protected information before production.  Further nothing contained herein is intended to reduce the time frame provided to the Disclosing Party to complete their review should they choose to do so.

13.10   Proportionality.  Nothing contained herein is intended to limit a Party's proportionality and burden arguments specifically related to the costs to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

13.11   Rule 502(b)(2).  The provisions of Federal Rule of Evidence 502(b)(2) are inapplicable to the production of Protected Information under this Order.

**14.**   <u>MISCELLANEOUS</u>

14.1   <u>Right to Further Relief and Modification by the Court</u>.  This Stipulated Protective Order may be amended by subsequent written agreement of the parties as approved by the Court.  Nothing in this Order abridges the right of any other person to seek its modification by the Court in the future.  The Court retains the right to allow disclosure of any subject covered by this Order or to request modification of this Order at any time in the interest of justice.

14.2   <u>Right to Assert Other Objections</u>.  No Party waives through entry of this Order any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

14.3   <u>Right of a Party to Use Its Own Documents.</u>  Nothing in this Order shall affect a Party's use or disclosure of its own documents in any way.

14.4   <u>Right of a Party to Use Independently Obtained Documents.</u>  Nothing in this Order shall impose any restrictions on the use or disclosure by a Party of documents,

material or information obtained by such Party independent of formal discovery proceedings in this Action.

14.5     Right to Supplement or Request Deletion.  If during the course of litigation, a data subject with privacy rights pursuant to the Data Protection Laws identified herein exercises his or her right to erasure of personal data contained within the previously produced Protected Material, the Producing Party shall furnish newly redacted versions of the Protected Material within a reasonable time.  The Requesting Party will promptly destroy the original version of the Protected Material and replace it with the redacted version.  The Producing Party may also require that the entire document be destroyed and replaced with a slip-sheet indicating the Protected Material is subject to erasure pursuant to the applicable Data Protection Law.

14.6     Personally Identifiable Information.  Personally identifiable information that a Party has designated as Protected Material as defined herein, based on its good faith belief that the information is subject to federal, state, or foreign Data Protection Laws, data privacy laws, or other privacy obligations, or any of the information contained therein, shall be handled by Counsel for the Receiving Party with the highest care.

14.7     Sending Protected Materials.  Any document production that may contain Protected Material shall be produced in encrypted form and the production media shall be labeled "MAY CONTAIN NON-PUBLIC PERSONAL INFORMATION" or "MAY CONTAIN CONFIDENTIAL HEALTH INFORMATION" as applicable.  If a Producing Party encrypts or "locks" the production, the Producing Party shall send, under separate cover, an explanation of how to decrypt the files.  When any Producing Party ships by U.S. Mail, Federal Express, UPS, or other courier delivery service, any Discovery Material to others designated in this Order as

24

authorized to receive Discovery Material, the Producing Party will encrypt the electronic data and supply the password in separate correspondence to the recipient.

   14.8 <u>Redaction of Privacy Information</u>.  For any matter that any party claims, in good faith, contains "Personally Identifiable Information," "Sensitive Private Data," or "Nonpublic Personal Information" as these terms are defined under federal, state or foreign data protection laws, the party shall mark each thing where matter has been redacted with a legend stating "REDACTED," and specify the basis for the redaction (e.g., data privacy) as appropriate, or a comparable notice, noted either on the matter so redacted or in a separate roster.  The right to challenge and the process for challenging redactions shall be the same as the right to challenge and the process for challenging the confidentiality designations of Discovery Material as set forth in Section 6.

   **15.** <u>DATA SECURITY</u>

   15.1 Any person in possession of another Party's Protected Material shall exercise the same care with regard to the storage, custody, or use of such Protected Material as they would apply to their own material of the same or comparable sensitivity, but no less than the reasonable precautions set forth in Section 15.2 below.

   15.2 Receiving Parties must take reasonable precautions to protect Protected Material from loss, misuse and unauthorized access, disclosure, alteration and destruction.  Such measures shall include:

   (a) Reasonably preventing unauthorized persons from gaining access to Protected Material (physical access control);

   (b) Reasonably preventing Protected Material from being used without authorization (logical access control) including, but not limited to, the use of passwords;

(c)      Reasonably ensuring that persons entitled to access and use Protected Material, including all U.S-based and foreign-based vendors, gain access only to such Protected Material as they are entitled to access in accordance with their access rights, and that, in the course of processing or use and after storage, Protected Material cannot be read, copied, printed out, misused, misappropriated, modified or deleted without authorization (data access control);

(d)      Reasonably ensuring that the Protected Material cannot be read, copied, modified or deleted without authorization during electronic transmission, transport or storage on storage media, and that the target entities for any transfer of Protected Material by means of data transmission facilities can be established and verified (data transfer control);

(e)      Reasonably ensuring the establishment of an audit trail to document whether and by whom Protected Material has been entered into, modified, copied, printed, misused, misappropriated, or removed from Protected Material processing systems, (entry control); and

(f)      Reasonably ensuring that the Protected Material is processed solely in accordance with instructions from Counsel or Receiving Party (control of instructions).

Any Party which becomes aware that any potential or actual violation of any of the above listed safeguards has occurred must immediately notify all other parties of the actual or potential violation and state in detail the remedial measures that will be taken in response to the violation.

**16.**      <u>FINAL DISPOSITION</u>

16.1      Within 60 days after the Final Disposition of this action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the

Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party

must submit a written certification to the Producing Party (and, if not the same person or entity,

to the Designating Party) by the 60 day deadline that (1) identifies (by category, where

appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the

Receiving Party has not retained any copies, abstracts, compilations, summaries or any other

format reproducing or capturing any of the Protected Material.  Notwithstanding this provision,

Counsel are entitled to retain archival copies of all pleadings, motion papers, trial, deposition,

and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

reports, attorney work product, and consultant and expert work product, even if such materials

contain Protected Material.  Any such archival copies that contain or constitute Protected

Material remain subject to this Order as set forth in Section 4.

    16.2 This requirement to return or destroy Confidential Material/Documents

also does not require a party or individual subject to this Order to produce or destroy any

computer archival or backup tapes, archival or backup systems, archival or backup servers,

archival or backup files, any information that is only retrievable through the use of specialized

tools or techniques typically used by a forensic expert, or any other data that is generally

considered not reasonably accessible.  Such material shall continue to be treated as Confidential

Information under this Order.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: January 24, 2022

*s/ Alan M. Sandals*                              *s/ Brandon J. Brigham*
Alan M. Sandals                                   **MORGAN, LEWIS & BOCKIUS LLP**
**SANDALS & ASSOCIATES P.C.**                     Jeremy P. Blumenfeld
4 Green Hill Road                                 Brandon J. Brigham
P.O. Box 385                                      1701 Market St.
Washington Depot, CT 06794                        Philadelphia, PA 19103
860-868-1140                                      215-963-5000
asandals@sandalslaw.com                           jeremy.blumenfeld@morganlewis.com
                                                  brandon.brigham@morganlewis.com

A. Richard Feldman
**BAZELON LESS & FELDMAN PC**                      *Attorneys for Defendants the Retirement*
One South Broad St.                               *Plan Committee of Talen Energy*
Suite 1500                                        *Corporation n/k/a the Talen Energy*
Philadelphia, PA 19107                            *Retirement Plan Committee, Talen Energy*
215-568-1155                                      *Retirement Plan, Talen Energy Corporation*
rfeldman@bazless.com                              *and Talen Energy Supply, LLC*

*Attorneys for Plaintiffs Annette M. Durnack,*
*Anne W. Fiore, Timothy G. Wales, and Jeffrey S.*
*Weik*

## ATTESTATION REGARDING CONCURRENCE

In accordance with Court's Local Rules and the Clerk's ECF Attorney User Manual for Civil Cases, I, Brandon J. Brigham, counsel for Defendants, attest that each other signatory listed above has concurred in this filing.

**APPROVED AND SO ORDERED** this _____ day of _____, 2022.

                                        **BY THE COURT:**

                                        _____
                                        Jeffrey L. Schmehl, J.

## **EXHIBIT A**

## **ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

I, _____, of _____declare

under penalty of perjury that I have read in its entirety and understand the Stipulated Protective

Order that was issued by the United States District Court for the Eastern District of Pennsylvania

on _____ in *Durnack, et al. v. Retirement Plan Committee of

Talen Energy Corp., et al.* (E.D. Pa.).  I agree to comply with and to be bound by all terms of this

Stipulated Protective Order and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment by the Court.  I solemnly promise that I will not disclose

in any manner any information or item that is subject to this Stipulated Protective Order to any

person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Eastern District of Pennsylvania for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this action.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____