**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| ANNETTE M. DURNACK, et al., | : | |
| | : | |
| Plaintiffs, | : | CIVIL ACTION NO. |
| | : | |
| v. | : | 20-5975 |
| | : | |
| RETIREMENT PLAN COMMITTEE OF | : | CLASS ACTION |
| TALEN ENERGY CORPORATION, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, PRELIMINARILY CERTIFYING A CLASS FOR
SETTLEMENT PURPOSES, APPROVING FORM AND MANNER OF
SETTLEMENT NOTICE, PRELIMINARILY APPROVING PLAN OF
ALLOCATION AND SCHEDULING A DATE FOR A FAIRNESS HEARING**

**AND NOW**, this   22nd   day of February, 2024, upon review of Class Representatives'

Motion for Preliminary Approval of Class Action Settlement, Preliminary Certification of a Class

for Settlement Purposes, Approving Form and Manner of Settlement Notice, Preliminarily

Approving Plan of Allocation, and Scheduling a Date for a Fairness Hearing filed on February 21,

2024 (ECF Nos. 92 and 92) ("the Motions"), and the entire record herein, it is hereby **ORDERED**

as follows:

This Class Action involves claims for alleged violations of the Employee Retirement

Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA"), with respect to the Talen

Energy Retirement Plan ("Plan").[1]   The terms of the Settlement are set out in the Settlement

Agreement, fully executed as of February 20, 2024 (ECF No. 92), by counsel on behalf of the

---

[1]   All capitalized terms not otherwise defined in this Order shall have the same meaning as
ascribed to them in the Settlement Agreement which is on file at ECF No 92.

Class Representatives, all Class Members, and Defendants, respectively.  Pursuant to the Motion the Court has preliminarily considered the Settlement to determine, among other things, whether the Settlement is sufficient to warrant the issuance of notice to members of the proposed Settlement Class and makes the following rulings:

1.    **Certification of the Settlement Class.**   In accordance with the Settlement Agreement, and pursuant to Rules 23(a) and (b)(1) of the Federal Rules of Civil Procedure, this Court hereby certifies the following class ("Settlement Class") for settlement purposes only:

> All Persons who participated in the Plan and worked in any management or other non-union employee role and whose employment terminated on or after they attained age 55 and during the period between June 1, 2015, and December 5, 2019, as well as any Beneficiary of any such Person who is deceased, and any Alternate Payee of any such Person subject to a QDRO.  Excluded from the Settlement Class are Defendants and their Beneficiaries and all other individuals who served at any time as a member of Defendant Retirement Plan Committee of Talen Energy Corporation and their Beneficiaries.

2.    Pursuant to the Settlement Agreement, and for settlement purposes only, the Court finds that:

(a)    as required by Fed. R. Civ. P. 23(a)(1), the Settlement Class is ascertainable from records kept with respect to the Plan and from other objective criteria, and the Settlement Class contains approximately 330 members and is so numerous that joinder of all members is impracticable;

(b)    as required by Fed. R. Civ. P. 23(a)(2), there are one or more questions of law and/or fact common to the Settlement Class;

(c)    as required by Fed. R. Civ P. 23(a)(3), the claims of the Class Representatives Annette M. Durnack, Anne W. Fiore, Timothy G. Wales, and Jeffrey S. Weik are typical of the claims of the Settlement Class that the Class Representatives seek to certify;

(d)     as required by Fed. R. Civ. P. 23(a)(4), the Class Representatives will fairly and adequately protect the interests of the Settlement Class in that:  (i) the interests of the Class Representatives and the nature of the alleged claims are consistent with those of the Settlement Class members; and (ii) there appear to be no conflicts between or among the Class Representatives and the Settlement Class;

(e)     as required by Fed. R. Civ. P. 23(b)(1), the prosecution of separate actions by individual members of the Settlement Class would create a risk of:  (i) inconsistent or varying adjudications as to individual Settlement Class members that would establish incompatible standards of conduct for the parties opposing the claims asserted in this Action; or (ii) adjudications as to individual Settlement Class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications, or substantially impair or impede the ability of such persons to protect their interests; and

(f)     as required by Fed. R. Civ. P. 23(g), Class Counsel are capable of fairly and adequately representing the interests of the Settlement Class, and that Class Counsel:  (i) have done appropriate work identifying or investigating potential claims in the Action; (ii) are experienced in handling class actions; and (iii) have committed the necessary resources to represent the Settlement Class.

3.     The Court appoints the Class Representatives Annette M. Durnack, Anne W. Fiore, Timothy G. Wales, and Jeffrey S. Weik as Class Representatives for the Settlement Class and the

law firms of Sandals & Associates, P.C., Bazelon, Less & Feldman, P.C., and Keller Rohrback LLC, and principal attorneys Alan M. Sandals, Richard L. Bazelon, Jeffrey Lewis, and Christopher Graver are hereby appointed as Class Counsel for the Settlement Class pursuant to Fed. R. Civ. P. 23(g)(1).

4.    **Preliminary Approval of Proposed Settlement** – The Settlement Agreement is hereby preliminarily approved as fair, reasonable, and adequate. This Court preliminarily finds that:

a)  The Settlement was negotiated vigorously and at arm's-length over the course of two months by Defense Counsel, on the one hand, and the Class Representatives and Class Counsel on behalf of the Settlement Class, on the other hand with the participation of neutral mediator David Geronemus of JAMS including an all-day mediation on July 6, 2023 and subsequent telephone conferences concluding on September 6, 2023;

b)  Class Representatives and Class Counsel had sufficient information to evaluate the settlement value of the Action and have concluded that the Settlement is fair, reasonable and adequate;

c)  If the Settlement had not been achieved, Class Representatives and the Settlement Class faced the expense, risk, and uncertainty of protracted litigation;

d)  The amount of the Settlement, twenty million dollars ($20,000,000.00), is fair, reasonable, and adequate, taking into account the costs, risks, and delay of litigation, trial, and appeal. The method of distributing the Class Settlement Amount is efficient, relying on Defendants' records and requiring no filing of claims. The Settlement terms related to attorneys' fees do not raise any questions

concerning the fairness of the Settlement, and there are no agreements, apart from the Settlement, required to be considered under Fed. R. Civ. P. 23(e)(2)(C)(iv). The Class Settlement Amount is well within the range of settlement values obtained in similar cases;

    e)   At all times, the Class Representatives and Class Counsel have acted independently of the Defendants and in the interest of the Settlement Class; and

    f)   The proposed Plan of Allocation is fair, reasonable, and adequate.

    5.    **Establishment of Settlement Fund –** A common, notional fund is agreed to by the Settling Parties in the Settlement Agreement and shall be known as the "Settlement Fund." Defendants and their representatives shall have no withholding, reporting or tax reporting responsibilities with regard to the Settlement Fund or its distribution, except as otherwise specifically identified in the Settlement Agreement. Moreover, Defendants shall have no liability, obligation, or responsibility for administration of the Settlement Fund or the disbursement of any monies from the Settlement Fund except for (1) their obligation to cause the Settlement Fund and accrued interest thereon to be made available for disbursement by the Authorized Administrator in accordance with the terms of the Settlement Agreement and this Order and any additional Orders issued by the Court; and (2) their agreement to cooperate in providing information that is necessary for settlement administration as set forth in the Settlement Agreement. The Settlement Administrator and Authorized Administrator may direct and make disbursements out of the Settlement Fund only in accordance with this Order and any additional Orders issued by the Court. The Settlement Fund shall expire after the Settlement Administrator and Authorized Administrator either distribute all of the assets of the Settlement Fund in accordance with the Settlement Agreement or if the Settlement Administrator determines that a Class Member cannot be located,

provided, however, that the Settlement Fund shall not terminate until its liability for any and all government fees, fines, taxes, charges and excises of any kind, including income taxes, and any interest, penalties or additions to such amounts, are, in the Settlement Administrator's sole discretion, finally determined and all such amounts have been paid by the Authorized Administrator. The Court, the Settlement Administrator, and Authorized Administrator recognize that there may be tax payments, withholding and reporting requirements in connection with the administration of the Settlement Fund. The Settlement Administrator or the Authorized Administrator who acts as disbursement agent shall, in accordance with the Settlement Agreement, determine, withhold, and pay over to the appropriate taxing authorities any taxes due with respect to any distribution from the Settlement Fund and shall make and file with the appropriate taxing authorities any reports or returns due with respect to any distributions from the Settlement Fund. The Settlement Administrator or Authorized Administrator, in their discretion, shall establish reserves to assure the availability of sufficient funds to meet the obligations of the Settlement Fund. The Settlement Administrator and Authorized Administrator shall have all the necessary powers, and take all necessary ministerial steps, to effectuate the terms of the Settlement Agreement, including the payment of all distributions. Such powers include investing, allocating and distributing the Settlement Fund, and in general supervising the administration of the Settlement Agreement in accordance with its terms and this Order. The Settlement Administrator or Authorized Administrator or both shall keep detailed and accurate accounts of all investments, receipts, disbursements and other transactions of the Settlement Fund. All accounts, books and records relating to the Settlement Fund shall be open for reasonable inspection by such persons or entities as the Court orders. Included in the Settlement Administrator's records shall be complete information regarding actions taken with respect to the disbursement of any payments to any

person; the nature and status of any payment from the Settlement Fund and other information which the Settlement Administrator considers relevant to showing that the Settlement Fund is being administered, and awards are being made, in accordance with the purposes of the Settlement Agreement, this Order, and any future orders that the Court may find it necessary to issue.

6.     **Fairness Hearing** – A hearing is scheduled for June 3, 2024, at 10:00 a.m. in the courtroom of the undersigned, U.S. Courthouse, The Gateway Building, 201 Penn Street, Fifth Floor, Reading, Pennsylvania, to make a final determination, concerning among other things:

- Any objections from Class Members to the Settlement or any aspects of it.

- Whether the Settlement merits final approval as fair, reasonable, and adequate;

- Whether the Action should be dismissed with prejudice pursuant to the terms of the Settlement;

- Whether Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement;

- Whether the proposed Plan of Allocation should be granted final approval; and

- Whether Class Counsel's application(s) for Attorneys' Fees and Costs and for Service Awards to the Class Representatives are fair and reasonable and should be approved.

7.     **Settlement Notice** – The Court approves the form of Settlement Notice attached as Exhibit A to the Settlement Agreement.  The Court finds that such form of notice fairly and adequately:  (a) describes the terms and effects of the Settlement Agreement, the Settlement, and the proposed Plan of Allocation; (b) notifies the Settlement Class members that they do not have the right to opt out of the Settlement Class; (c) advises the Settlement Class of the binding effect of a judgment on Settlement Class members; (d) notifies the Settlement Class that Class Counsel

will seek attorneys' fees and litigation costs from the Settlement Fund, payment of the costs of administering the Settlement out of the Settlement Fund, and for Service Awards for the Class Representatives for their service in such capacity; (e) gives notice to the Settlement Class of the time and place of the Fairness Hearing; and (f) describes how the recipients of the Settlement Notice may object to any of the relief requested.

8.      **Settlement Administrator** – The Court hereby approves the appointment of Kroll Settlement Administration LLC as the Settlement Administrator for the Settlement.  The Court directs that the Settlement Administrator shall:

- By no later than March 25, 2024, cause the Settlement Notice, with such non-substantive modifications thereto as may be agreed upon by the Parties, to be sent by first-class mail, postage prepaid, to the last known address of each member of the Settlement Class who can be identified through reasonable effort.  Prior to mailing the Settlement Notice, the Settlement Administrator must update the Settlement Class member address information using data from the National Change of Address ("NCOA") database.  Additionally, after mailing the Settlement Notice, the Settlement Administrator shall use commercially reasonable efforts to locate any Class Member whose Settlement Notice is returned and re-send such documents at least one additional time.

- By no later than March 25, 2024, cause the Settlement Notice to be sent by email to any email addresses on file for the Settlement Class members as of the date of this Preliminary Approval Order.

- By no later than March 25, 2024, cause the Settlement Notice to be published on the website identified in the Settlement Notice, www.talenpensionsettlement.com,

which will also host and make available copies of all Settlement-related documents, including the Settlement Agreement, this Order, and all motions and exhibits filed in connection with preliminary and final approval of the Settlement.

- The Court finds that the contents of the Settlement Notice and the process described herein and in the Settlement are the best notice practicable under the circumstances and satisfy the requirements of Rule 23(c) and Due Process.

9. **Petition for Attorneys' Fees, Litigation Costs and Service Awards** – Any petition by Class Counsel for attorneys' fees, litigation costs and Service Awards to the Class Representatives, and all briefs in support thereof, shall be filed no later than April 19, 2024.

10. **Briefs in Support of Final Approval of the Settlement** – Briefs and other documents in support of final approval of the Settlement shall be filed no later than April 19, 2024.

11. **Objections to Settlement** – Any member of the Settlement Class or authorized recipient of any CAFA Notice may file an objection to the fairness, reasonableness, or adequacy of the Settlement, to any term of the Settlement Agreement, to the proposed Plan of Allocation, to the proposed award of attorneys' fees and litigation costs, to the payment of costs of administering the Settlement out of the Settlement Fund, or to the request for Service Awards for the Class Representatives.  An objector must file with the Court a statement of his, her, or its objection(s), specifying the reason(s), if any, for each such objection made, including any legal support and/or evidence that the objector wishes to bring to the Court's attention or introduce in support of the objection(s).  The address for filing objections with the Court is as follows:

Clerk of the Court
James A. Byrne U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

Re:  Durnack, et al. v. Retirement Plan Committee of Talen Energy Corp., et al.,
     Civil Action No. 5:20-cv-5975-JLS (EDPA)

All written objections and supporting papers must: (1) clearly identify the case name and number "Durnack v. Retirement Plan Committee of Talen Energy Corporation, No. 5:20-cv-05975-JLS"; (2) be filed with the Clerk of Court by hand delivery or mail so as to be received on or before May 20, 2024; (3) set forth the objector's full name, current address, telephone number, and email address; (4) state whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; (5) set forth a statement of the position the objector wishes to assert, including, with specificity, the factual and legal grounds for the position; (6) set forth the names and a summary of testimony of any witnesses that the objector might want to call in connection with the objection; (7) provide copies of all documents that the objector wishes to submit in support of the objector's position; (8) provide the name(s), address(es), phone number(s), and email addresses of any attorney(s) representing the objector; and (9) include the objector's signature.

The objector or his, her, or its counsel (if any) must simultaneously submit a copy of the objection(s) and supporting materials to Class Counsel and Defense Counsel by hand delivery or mail at the addresses in the Settlement Notice to be received on or before May 20, 2024.  If an objector hires an attorney to represent him, her, or it for the purposes of making an objection pursuant to this paragraph, the attorney must also file a notice of appearance with the Court no later May 20, 2024.  Any member of the Settlement Class or other Person who does not timely file a written objection complying with the terms of this paragraph shall be deemed to have waived,

10

and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred.  Any responses to objections shall be filed with the Court no later than May 28, 2024.  There shall be no reply briefs.

12.     Any additional briefs the Parties may wish to file in support of the Settlement shall be filed no later than May 28, 2024.

13.     **Appearance at Final Approval Hearing** – Any objector who files a timely, written objection in accordance with paragraph 11 above may also appear at the Fairness Hearing either in person or through qualified counsel retained at the objector's expense.  Objectors or their attorneys intending to appear at the Fairness Hearing must file a notice of intention to appear (and, if applicable, the name, address, telephone number, and email address of the objector's attorney) with the Court by no later than May 28, 2024.  Any objector, or their counsel, who does not timely file a notice of intention to appear in accordance with this paragraph shall not be permitted to speak at the Fairness Hearing, except for good cause shown.

14.     **Notice Expenses** – The expenses of printing, mailing, and emailing the Settlement Notice required herein shall be paid exclusively from the Settlement Fund.

15.     **Parallel Proceedings** – Pending final determination of whether the Settlement Agreement should be approved, the Class Representatives and every Class Member are prohibited and enjoined from directly, through representatives, or in any other capacity, commencing any action or proceeding in any court or tribunal asserting any of the Released Claims against the Released Parties, including Defendants.

16.     **Class Action Fairness Act Notice** – The form of notice under the Class Action Fairness Act of 2005 ("CAFA") submitted as Exhibit E to the Settlement Agreement complies

with the requirements of CAFA and will, upon mailing, discharge Defendants' obligations pursuant to CAFA.

17.     **Service of Papers** – Defendants' representatives and Class Counsel shall promptly furnish each other with copies of any and all objections that come into their possession by any means other than filing with the Court.

18.     **Termination of Settlement –** This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if the Settlement is terminated in accordance with the Settlement Agreement.

19.     **Use of Order** – In the event this Order becomes of no force or effect, it shall not be construed or used as an admission, concession, or declaration by or against Defendants, Class Representatives or the Settlement Class.

20.     **Continuance of Final Approval Hearing** – The Court reserves the right to continue the Fairness Hearing without further written notice to the Class Members and also may schedule the hearing to be conducted by telephone or video conference.


**BY THE COURT**:


**/s/ Jeffrey L. Schmehl**
Jeffrey L. Schmehl, J.

12