## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANNETTE M. DURNACK, *et al,*           :
                                       :
            Plaintiffs,                :
                                       :       CIVIL ACTION
      v.                               :
                                       :       No. 20-5975
RETIREMENT PLAN COMMITTEE OF           :
TALEN ENERGY CORPORATION, *et al*,     :
                                       :
            Defendants.                :

## FINAL APPROVAL ORDER AND JUDGMENT

**AND NOW**, this    4th     day of June, 2024, upon review of Class Representatives'

Motion for Final Approval of Proposed Class Action Settlement, filed on April 18, 2024 (ECF

98), and the Petition for Award of Attorneys' Fees and Reimbursement of Expenses to Class

Counsel and for Service Awards to Class Representatives, filed on April 18, 2024 (ECF 99) ("the

Motions"), and any responses thereto, the Settlement Agreement dated February 20, 2024 (ECF

92-4), the Order granting settlement class certification and preliminary approval of the class

Settlement (ECF 94), as well as the June 3, 2024 hearing thereon, and the entire record herein, it

is hereby **ORDERED** as follows:

1. Plaintiffs' Motion for Final Approval of Proposed Class Action Settlement (ECF 98)

is **GRANTED**. The matters of attorneys' fees and reimbursement of expenses to Class Counsel,

and Service Awards to Named Plaintiffs, are addressed in a separate Order which is incorporated

herein by reference and made a part hereof.

2. This Final Order and Judgment incorporates the Settlement Agreement (ECF 92- 4)

and the Preliminary Approval Order (ECF 94). Except as otherwise defined herein, all

capitalized terms used in this Final Order and Judgment shall have the same meanings as

ascribed to them in the Preliminary Approval Order and Settlement Agreement executed by counsel on behalf of the Class Representatives, all Class Members, and Defendants, respectively.

3. The Court has jurisdiction over the subject matter of the Class Action and over all Settling Parties, including all members of the Settlement Class.

4. As previously determined in the Preliminary Approval Order, the Court confirms that the requirements of Rule 23 of the Federal Rules of Civil Procedure have been met as to the Settlement Class, which has been certified for the sole purpose of settling and resolving this Action.

5. The Court hereby finds that the Settlement Class has received proper and adequate notice of the Settlement, the Fairness Hearing, Class Counsel's application for award of attorneys' fees and reimbursement of litigation costs and for Service Awards to the Class Representatives, and the Plan of Allocation, such notice having been given in accordance with the Preliminary Approval Order entered February 22, 2024 (ECF 94). Such notice included individual notice mailed to all members of the Settlement Class who could be identified through reasonable efforts, as well as notice through a dedicated Settlement website on the internet, and provided valid, due, and sufficient notice of these proceedings and of the matters set forth in this Order and included sufficient information regarding the procedure for the making of objections. Such notice constitutes the best notice practicable under the circumstances and fully satisfies the requirements of Fed. R. Civ. P. 23 and the requirements of due process.

6. The Court hereby approves the Settlement and hereby orders that the Settlement shall be consummated and implemented in accordance with its terms and conditions.

7. Pursuant to Fed. R. Civ. P. 23(e), the Court finds that the Settlement embodied in the Settlement Agreement is fair, reasonable and adequate to the Plan and the Settlement Class, and more particularly finds that:

(a) The Settlement was negotiated vigorously and at arm's-length by Defense Counsel, on the one hand, and the Class Representatives and Class Counsel on behalf of the Settlement Class, on the other hand, with the participation of neutral mediator David Geronemus of JAMS including an all-day mediation on July 6, 2023, and subsequent telephone conferences concluding on September 6, 2023;

(b) Plaintiffs and Defendants had sufficient information to evaluate the settlement value of the Action;

(c) If the Settlement had not been achieved, Class Representatives and the Settlement Class faced the risk, uncertainty, expense, and delays of extended litigation;

(d) The amount of the Settlement – twenty million dollars ($20,000,000.00) – is fair, reasonable, and adequate, taking into account the risks, costs, and delay of trial and appeal. The method of distributing the Class Settlement Amount is efficient and requires no filing of claims by Class Members. The Settlement terms related to attorneys' fees do not raise any questions concerning fairness of the Settlement, and there are no agreements, apart from the Settlement, required to be considered under Fed. R. Civ. P. 23(e)(2)(C)(iv). The Class Settlement Amount is within the range of settlement values obtained in similar cases;

(e) At all times, the Class Representatives and Class Counsel have acted independently of Defendants and in the interest of the Settlement Class; and

(f) The Court has duly considered and overruled any filed objection(s) to the Settlement to the extent there were any.

8. The Plan of Allocation is finally approved as fair, reasonable, and adequate. The Settlement Administrator shall direct the distribution of, and the Authorized Administrator shall proceed to distribute the Net Settlement Amount in accordance with the Plan of Allocation and the Settlement Agreement. The Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Class Member in accordance with the Plan of Allocation approved by the Court.

9. All requirements of the Class Action Fairness Act, 28 U.S.C. § 1711, et seq., have been met.

10. The releases and covenants not to sue set forth in the Settlement Agreement, including but not limited to Article 6 of the Settlement Agreement, together with the definitions contained in the Settlement Agreement relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Settlement Effective Date. Accordingly, the Court orders that, as of the Settlement Effective Date, the Plan, the Class Representatives, and the Class Members (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, predecessors, successors, assigns, agents, and attorneys) hereby fully, finally, and forever settle, release, relinquish, waive, and discharge all Released Parties (including Defendants) from all Released Claims, regardless of whether or not such Class Member may discover facts in addition to or different from those which the Class Members or Class Counsel now know or believe to be true with respect to the Class Action and the Released Claims and regardless of whether such Class Member actually received the Settlement Notice, filed an objection to the Settlement or to any application by Class Counsel for an award of

Attorneys' Fees and Costs and for Service Awards to the Class Representatives, and whether or not the objections or claims for distribution of such Class Member have been approved or allowed.

11. The Class Representatives, Class Members, and Plan with respect to the Released Claims hereby settle, release, relinquish, waive, and discharge any and all rights or benefits they may now have, or in the future may have, under any law relating to the releases of unknown claims, including without limitation, Section 1542 of the California Civil Code, which provides: "A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that if known by him or her would have materially affected his or her settlement with the debtor or released party." The Class Representatives and Class Members with respect to the Released Claims also hereby waive any and all provisions, rights and benefits conferred by any law or of any State or territory within the United States or any foreign country, or any principle of common law, which is similar, comparable or equivalent in substance to Section 1542 of the California Civil Code.

12. The Class Representatives, the Class Members, and the Plan acting individually or together, or in combination with others, are hereby permanently and finally barred and enjoined from suing the Released Parties in any action or proceeding alleging any of the Released Claims.

13. Each Class Member hereby releases the Released Parties, Defense Counsel, and Class Counsel for any claims, liabilities, and attorneys' fees and expenses arising from the allocation of the Gross Settlement Amount or Net Settlement Amount and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses.

14. The operative Amended Complaint and all claims asserted therein in the Class Action are hereby dismissed with prejudice and without costs to any of the Settling Parties and Released Parties other than as provided for in the Settlement Agreement.

15. The Court shall retain exclusive jurisdiction to resolve any disputes or challenges that may arise as to the performance of the Settlement Agreement or any challenges as to the performance, validity, interpretation, administration, enforcement, or enforceability of the Settlement Notice, Plan of Allocation, this Final Approval Order and Judgment, or the Settlement Agreement or the termination of the Settlement Agreement. The Court shall also retain exclusive jurisdiction and has ruled by separate Order with respect to all applications for awards of attorneys' fees and Service Awards to the Class Representatives, and reimbursements of litigation costs, submitted pursuant to the Settlement Agreement.

16. Commencing on October 15, 2024, and continuing every 45 days thereafter until administration of the Settlement has been completed, Class Counsel shall file with the Court a status report regarding progress in disbursing settlement funds to Class Members and for other payments allowed under the Settlement Agreement.

17.  Any motion to enforce this Final Approval Order and Judgment or the Settlement Agreement, including by way of injunction, shall be filed in this Court, and the provisions of the Settlement Agreement and/or this Final Approval Order and Judgment may also be asserted by way of an affirmative defense or counterclaim in response to any action that is asserted to violate the Settlement Agreement.

18. In the event that the Settlement Agreement is terminated, in accordance with its terms, this Final Approval Order and Judgment shall be rendered null and void, ab initio, and shall be vacated nunc pro tunc, and this Action shall for all purposes with respect to the Parties

revert to its status as of the day immediately before the day the Settlement was reached. The Parties shall be afforded a reasonable opportunity to negotiate a new case management schedule.

19. With respect to any matters that arise concerning the implementation of distributions to Class Members who are Vested Participants (after allocation decisions have been made by the Settlement Administrator in its sole discretion), all questions not resolved by the Settlement Agreement shall be resolved by the Plan administrator or other fiduciaries of the Plan, in accordance with applicable law and the governing terms of the Plan.

20. Within twenty-one (21) calendar days, or as soon as administratively practicable, following the initial issuance of settlement payments to Class Members as provided by the Plan of Allocation approved by the Court, the Authorized Administrator shall prepare and provide to the Settlement Administrator, Class Counsel and Defense Counsel a list of each Person who received a settlement payment and the amount and method of such payment (direct rollover to financial institution; rollover check to Class Member, Beneficiary, or Alternate Payee, payable to financial institution; or check payable to Class Member, Beneficiary, or Alternate Payee). Every thirty (30) days thereafter, the Authorized Administrator shall prepare and provide supplemental lists of such additional payments as the settlement distribution proceeds, until the distribution process to all Class Members has been completed.

21. Upon entry of this Order, all Settling Parties and the Settlement Class shall be bound by the Settlement Agreement and this Final Approval Order and Judgment.

**BY THE COURT:**

<u>**/s/ Jeffrey L. Schmehl**</u>
Jeffrey L. Schmehl, J

7